RUSSELL *v.* WILLIAMSON.

Opinion delivered October 28, 1899.

EXECUTION SALE—WANT OF NOTICE.—A complaint by a judgment creditor, who purchased land at his own execution sale, seeking to have the sheriff's deed reformed, will be dismissed where such deed fails to show on its face that printed advertisements of the sale were posted, as required by Sand. & H. Dig., § 3095, and there was no other evidence that such notice was given. (Page 82.)

Appeal from Pope Circuit Court in chancery.

JEREMIAH G. WALLACE, Judge.

Bill for reformation of a sheriff's deed and for partition. The complaint alleged that the land was purchased in the name of Alva Russell under execution against Williamson in favor of J. W. and Alva Russell, and that by mistake the deed

was taken in the name Alva Russell, when it should have been in the name of J. W. and Alva Russell. To correct this mistake, J. W. Russell and the minor heirs of Alva Russell, deceased, join in the complaint as plaintiffs. Certain intervening mortgagees of Williamson were also made parties to the suit. The chancellor found that there was no equity in plaintiffs' bill, and dismissed it. Plaintiffs have appealed. Other facts necessary to the understanding of the opinion are stated therein.

*Dan B. Granger*, for appellant.

The burden of showing want of service of the summons in the. justice's court was upon appellee, and with proof could be made only in a direct proceeding to vacate the judgment. 22 Am. & Eng. Enc. Law, 192, n. 5; 193 n. 3 and 4; 195, n. 2; 39 Ark. 70; 44 Ark. 202; 1 Rice, Ev. 217–223; 2 Neb. 126. The absence of recitals in the sheriff's deed to the effect that he had posted the notices required by statute is not conclusive that they were not so posted, and does not render the sale void. 22 Ark. 19, 27. Appellant was an innocent purchaser, and is not affected by any inequality in the sheriff's proceedings. 4 Greene (Ia.) 456; 14 Ark. 11; 22 Ark. 32.

*Ratcliff & Fletcher*, for appellee, Williamson.

The minors had no power to join in the suit for partition, and the court has no jurisdiction of the matter. Their title could be divested only in an adversary proceeding in which a defense is made and proof offered. 42 Ark. 222; 40 Ark. 56; 44 Ark. 236; Sand. & H. Dig., §§ 5647, 5648. A court of equity had no jurisdiction to entertain the petition to partition, because possession of plaintiffs is neither alleged or shown. 27 Ark. 77, 96, 97; 40 Ark. 155; 47 Ark. 235; 56 Ark. 391.

BUNN, C. J. The plaintiff, James W. Russell, and his brother, Alva Russell, were partners doing a mercantile business in the town of Russellville, Pope county, this state, under the firm name of Russell Bros. and on the 7th day of November, 1871, the defendant, G. M. Williamson, was indebted to this

6

firm in the sum of $280, which had become due and payable on the first day of January, 1871, and for this sum Williamson executed and delivered his promissory note, due one day after date, bearing interest at the rate of ten per centum per annum from 1st of January, 1871, until paid.

Payments were made upon this note from time to time until 18th of December, 1882, so that the same was not then barred by the statute of limitations, and on the last-named date said firm instituted their suit before a justice of the peace of said county for the recovery of the balance due thereon, and on the 30th day of December, 1882, judgment was rendered against Williamson, by default, for the sum of $129.11 principal and $336.13 interest, and on the 30th January, 1883, execution was issued by said justice of the peace, and the same was returned on the 20th February, 1883, "*nulla bona*," and on the 26th March, 1883, a transcript of said judgment was filed in the office of the clerk of the circuit court of said county, and the same was duly entered on the docket as required by statute, and became a lien on all the real estate of said G. M. Williamson in said county. On the 29th May, 1883, an execution was issued out of the office of said circuit court clerk on said transcribed judgment, and placed in the hands of the sheriff of said county, and the same was levied upon the interest of said Williamson in the W. $\frac{1}{2}$ of S. W. $\frac{1}{4}$, the N. E. $\frac{1}{4}$ of S. W. $\frac{1}{4}$, in section 28, township 8 north, range 20 west, and the undivided one-third interest in the N. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$, and part of the S. E. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ (the last named tract containing 30 acres), in section 29 in township 8 north, range 20 west; and on the 14th day of July, 1883, in pursuance of said levy the same was sold by said sheriff to satisfy said execution, and the said Alva Russell became the purchaser at said sale, he bidding the amount of said judgment and costs, and, twelve months having expired, deed was made to him accordingly,—presumably the said judgment being duly credited as the consideration of said sale and purchase.

The return of the sheriff is alleged to have been on file when the deed of the sheriff to Alva Russell was acknowledged in open court, but it does not appear in the record, and the

only evidence of the notice of sale, presented for our consideration, is the deed itself and its recitals, and this of course is *prima facie* evidence. Among the recitals in said deed is the following: "And whereas, afterwards, to-wit, on the 23d day of June, 1883, I advertised the said tracts and parcels of land for sale according to law, by an advertisement inserted and published in the *Russellville Democrat*, a newspaper published and printed in the county of Pope, to be sold at the door of the court house of said county of Pope on the 14th day of July, 1883, at which time and place I attended, and between the hours prescribed by law for judicial sales, etc." From this recital no other notice appears to have been given than the newspaper advertisement, whereas the statute requires in addition the posting of printed advertisements, one at the court house door and one each at five other public places in the county, Sand. & H. Dig. § 3095.

The notice was not sufficient, under the statute, and the sale was void, and so is the deed made in pursuance thereof, and this makes it unnecessary to discuss the several other questions raised by the pleadings and discussed in the briefs of counsel. *Henderson* v. *Hays*, 12 N. J. L., 387. The authorities sustain the theory that a sale defective in this and similar ways may be set aside on motion in court to quash the return or report of sale, and thus prevent the execution of the deed by the sheriff. 22 Am. & Eng. Enc. of Law, p. 670. But this remedy pending the proceedings is evidently not exclusive, for while, in most cases, the owners have opportunity to pursue this remedy by motion as a part of the case, yet, in other cases, from the nature of things, they would not have such opportunity; and it reasonably follows, since one must not be entirely without available remedy, that he may make his defense, as Williamson has done in this case, where the complaint is based on a defective deed, and the same is to be considered a direct attack, rather than a collateral one, for it is a direct defense.

While, strictly speaking, it may be that there can be no innocent purchaser at execution sale, since no purchaser can acquire in any event anything more than the interest the judg-

ment debtor has at the time the levy of the execution, yet there is a well recognized difference between the status of the purchaser who is a third party, and that of the judgment creditor, growing out of their different relations to the record in the case; for, where there is a valid judgment, and a formal and valid execution, and perhaps other facts which the public are expected to look after, a third party is protected against many mere ministerial irregularities if he is without notice otherwise (but this is not really in the case, since the purchaser is not a third party), while the judgment creditor, as purchaser, is "presumed to have notice of all defects in the record and proceedings, and will not be protected as a *bona fide* purchaser if the notice of the sale was insufficient." *Collins* v. *Smith*, 57 Wis. 284. And the same rule pertains in this state regarding the relative rights of the two classes of purchasers at execution sales, and the difference at last depends upon a want of knowledge on the one hand and reputed knowledge on the other.

As the deed involved in this case upon its face shows that the notice of the sale was not given in compliance with the statute on the subject, and that therefore the sale was void, so also is the deed void, and confers no title. The decree of dismissal, as between plaintiffs and Williamson, is affirmed, but without prejudice to the rights of the mortgagees of Williamson.