### NEELY et al. v. BOYD et al.

### BOYD et al. v. NEELY et al.

(Circuit Court of Appeals, Eighth Circuit. April 16, 1906.)

#### Nos. 2,164, 2,188.

1. TRUST—EVIDENCE TO ESTABLISH.

The evidence should be very clear and satisfactory to establish that the title to real property purchased by one with his own funds, in his own name, and ostensibly for his own benefit, is held in trust for the benefit of another to whom the purchaser in respect of the transaction sustains no fiduciary relation.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, §§ 66–68.]

2. SAME.

Evidence considered, and *held* insufficient to establish a parol agreement by a purchaser of land at an execution sale to hold the title for the benefit of the judgment defendant and to permit the latter to redeem at any time.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.

This was a suit by Lipscomb against Irby Boyd and Irby Boyd & Co., to set aside two deeds to lands in Crittenden county, Ark., for an accounting between the parties and for a decree permitting redemption from the liens of the defendants, if any balance was found to be due upon the accounting. During the pendency of the suit Lipscomb died, and it was revived in the names of Neely, as administrator, and Mary L. Miller, as sole heir at law. Both deeds sought to be set aside ran to Irby Boyd as grantee. One of them was executed by the sheriff of Crittenden county pursuant to an execution sale on a judgment against Lipscomb in favor of a third party, and the other was executed by the trustee in foreclosure of a deed of trust by way of mortgage given by Lipscomb to Boyd & Co. Both deeds were attacked because of alleged defects in the proceedings culminating in the sales. It was also claimed that by parol agreement Boyd was to hold his title acquired by the sheriff's deed for the use, benefit, and protection of Lipscomb subject to the obligation of the latter to reimburse Boyd for the amount paid at the sale. Boyd represented his firm in the transactions.

The Circuit Court held that the purchase at the execution sale under the judgment was for the benefit of Lipscomb; that Boyd therefore held title under the sheriff's deed as trustee; that the subsequent sale under the deed of trust should be vacated because of irregularities in the proceedings; and that complainants, as the successors of Lipscomb, were entitled to a transfer of the title upon payment of all sums found due, including the amount paid by Boyd at the sheriff's sale. An interlocutory decree to this effect was entered, and the cause was referred to a master for an accounting. Upon the coming in

of the master's report, a final decree was passed adjudging that, all things considered, there was due to Boyd & Co. $21,309.54 for which they had a lien upon the lands in controversy, and providing for the sale thereof to satisfy the lien, if redemption was not made within a time specified. Both parties have appealed from this decree. The defendants contend that error was committed in holding Boyd as trustee under the sheriff's deed and in setting the other deed aside, and both parties contend that there is error in the amount found due to Boyd & Co.: the complainants saying that it is too large, and the defendants that it is too small.

F. G. Taylor, for Neely, administrator, et al.

Charles T. Coleman (A. B. Shafer and Percy Finlay, on the brief), for Boyd et al.

Before VAN DEVANTER and HOOK, Circuit Judges, and POL-LOCK, District Judge.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

If the proceedings resulting in the sheriff's deed to Boyd were regular, and the purchase at the execution sale was made by Boyd for himself or for his firm, and not for the use and benefit of Lipscomb, complainants' bill should have been dismissed. In other words, if the sheriff's deed is valid, and the conveyance was not taken in trust for Lipscomb, it affords a sufficient independent source of title that makes immaterial in this case all questions as to the validity of the other deed held by Boyd and the accounting.

Two objections are urged to the validity of the sheriff's deed: (1) That the levy of the execution and the sale were not in the manner required by law; and (2) that the sale was not properly advertised. It is said that the entire body of land was levied on and sold as one tract, and not in separate tracts of 40 acres or less, as prescribed by the Arkansas statute. But it is held that this statute is directory, and, when the owner of the lands is present and fails to demand compliance with its requirements, he waives it. Reynolds v. Tenant, 51 Ark. 84, 9 S. W. 857. Lipscomb was not only present at the sale, but he affirmatively assented to the way it was made. It is also said that there was no such advertisement of the sale as is required by section 3274 of Kirby's Digest. But the evidence does not sustain the contention. In Arkansas sheriff's deeds of real estate sold under execution, regular in form, are evidence of the legality and regularity of the sales until the contrary is made to appear. Kirby's Dig. § 760. The sheriff's deed in this case is regular in form and it recites that the time, place, and terms of sale were advertised in the manner required by law. The only evidence offered to dispute the regularity of the proceedings was the return on the execution, and, though it is in very general terms, it supports the recitals of the deed and the evidential presumption created by the statute. There was no other evidence upon the subject. In the case of Russell v. Williamson, 67 Ark. 80, 53 S. W. 561, cited by counsel, the recitals of the sheriff's deed excluded one of the two methods of advertisement prescribed by the law as essential, and therefore the case is not in point. As already observed, the return upon the execution involved in this case is quite

general, but in substance and effect it recites full compliance with the law. The decree of the Circuit Court was not predicated upon defects in the sheriff's proceedings. The court concluded from the evidence that Boyd, the grantee in the sheriff's deed, purchased and held his title as trustee for Lipscomb, the judgment debtor; and this must have been upon the theory, as there could be no other, that there was an agreement between Boyd and Lipscomb that the former should purchase at the sale, should hold title for the benefit of Lipscomb, and allow him ultimately to redeem. We therefore proceed to the consideration of this feature of the case.

It is a salutary rule that evidence should be very clear and satisfactory to establish that the title to real property purchased by one with his own funds, in his own name, and ostensibly for his own benefit, is held in trust for the benefit of another to whom the purchaser, in respect of the transaction, sustains no fiduciary relation. Muniments of title should not be lightly destroyed or brushed away by loose and inconclusive evidence. Moore v. Crawford, 130 U. S. 122, 134, 9 Sup. Ct. 447, 32 L. Ed. 878; Coyle v. Davis, 116 U. S. 108, 6 Sup. Ct. 314, 29 L. Ed. 583; Howland v. Blake, 97 U. S. 624, 24 L. Ed. 1027; Norman v. Gunton (C. C.) 127 Fed. 871.

Lipscomb testified that Boyd agreed to buy at the sheriff's sale for him, but no time was fixed for reimbursement; that he was simply to work the place and pay Boyd out as fast as he could; that he did not have much conversation with him and did not know whether any one heard the agreement or not. Boyd testified that there was no such agreement or understanding, and that he never had any conversation with Lipscomb about the matter. This was the direct testimony upon the subject. There was also some testimony as to whether Lipscomb and Boyd had any conversation on the day of the sale, and some to the effect that in conversations which were heard by the witnesses nothing was said by Boyd about buying for Lipscomb. There was also some hearsay testimony including some declarations of Lipscomb made to other parties which should not be regarded. The testimony of Boyd was taken before Lipscomb's death.

In our opinion this testimony is insufficient to establish complainant's case, and the reasonable inferences from the established facts and the relations of the parties tend to the same conclusion. While the trust deed held by Boyd & Co. was given to secure an existing indebtedness as well as future advances, there was no obligation upon their part to make such advances. The judgment upon which the sheriff's sale was had was not even known to Boyd & Co. when the trust deed was taken, and therefore could not have been in contemplation. The judgment was in favor of a third party, and Boyd & Co. were misled by Lipscomb as to the existence of the claim upon which it was rendered. Lipscomb informed them, in substance, that he was not indebted, or, if he was, the amount was very small, and yet the creditor obtained judgment against Lipscomb for nearly $8,000; and, in ignorance of the existence of this judgment and the lien thereof upon the land, Boyd & Co. advanced to Lipscomb several thousand dollars and took what proved to be a subordinate

trust deed. Moreover, after execution was issued on the judgment and levied on the land, Boyd & Co. were ignorant thereof and did not ascertain that the land, which constituted their chief security, was about to be sold, until within a few days before the sale. Lipscomb did not inform them of it. Again, most if not all of the money paid by Lipscomb when he originally purchased the land was advanced by Boyd & Co., and about two thirds of the purchase price yet remained unpaid and was secured by a vendor's lien upon the property which was also superior to their trust deed. In the various dealings between Lipscomb and Boyd & Co. the former seemed to be getting deeper into debt, and nothing whatever appears tending to show any reasonable inducement for a voluntary increase by Boyd & Co. of the amount of their loans. Again, while we need not recite the evidence showing the conduct of the parties after the sheriff's sale, it is sufficient to say that it is quite inconsistent with the contention that Boyd bought as trustee or otherwise than for the sole and exclusive benefit of his firm. This he had a right to do. He was under no obligation to Lipscomb and owed him no duty in that particular. Therefore no trust arose out of the relations of the parties, and there is not sufficient evidence to establish one by an affirmative agreement.

The decree of the Circuit Court is reversed, and the cause is remanded, with direction to dismiss the complainants' bill.