Holt v. Moore.

---

## HOLT v. MOORE.

1. MARRIED WOMEN:  *Acknowledgment to deed, as evidence.*
A married woman's acknowledgment to a deed properly.certified, is *prima-
facie*, but not conclusive evidence against her, either that the acknowledg-
ment was made as certified, or that the facts acknowledged were true, ex-
cept as to a vendee for valuable consideration, ignorant of the falsity of
the facts, and not participant in the fraud.    As to him, she is estopped
to deny an acknowledgment actually made.

10—37

Holt v. Moore.

2. STATUTE OF FRAUDS: *Parol promise to reconvey.*

A parol promise to reconvey, when the sale is absolute, comes within the Statute of frauds.

3. SAME: *Parol evidence, when admissible.*

Parol evidence is admissible between the parties to show that a deed absolute upon its face is only a mortgage, where there remains a subsisting debt to the vendee to support it. But where no such debt remains, where the consideration has passed, or the obligation to pay it been incurred, and there is no obligation of the vendor to repurchase, parol evidence is inadmissible to support such option. Nevertheless the use of a parol promise to reconvey in overreaching a weak or ignorant mind, might become an element of fraud to be considered in connection with other circumstances.

4. FRAUD: *In obtaining deed, onus probandi.*

Allegations of fraud in procuring a deed must be clearly proved. The *onus* is upon the party making them.

APPEAL from *Pulaski* Chancery Court,
Hon. D. W. CARROLL, Chancellor.

*George L. Basham*, for appellant:

I. The deed was obtained by fraud and undue influence of the husband of appellant and, void. 10 *Minn.*, 427, 448; 2 *Wal.*, 524; 5 *Ill.*, 521; 6 *Minn.*, 25; 24 *Iowa*, 509; 18 *Md.*, 305; 1 *Smith* (*Penn.*), 309; *Bish. on Married Women*, 2 *vol.*, sec. 419, et seq.

The price paid was inadequate, and shows fraud or unfair dealing. *Story's Eq.*, vol. 1, secs. 244–250.

The conversations and statements of Holt, appellant's husband, were incompetent and should have been excluded. *Greenleaf Ev.*, vol. 1, secs. 185 *and* 341 *and note*; 8 *Jones L.* (*N. C.*), 375; 13 *Iowa*, 89; 11 *Serg. & R.*, 325; 3 *Peck.*, 63; 5 *Conn.*, 93; 9 *Heisk.* (*Tenn.*), 606; 13 *Ark.*, 295; 21 *Ark.* 77.

II. The deed would not have been executed, except for the threats of appellant's husband and Moore's promise to reconvey. There has been such a part performance on part

of appellant that it was a fraud upon her by Moore not to reconvey. *Brown on frauds*, sec. 441, 442, 445 (*a*), 1 *Ark.*, 417 ; 22 *Ark.*, 487.

*J. M. Moore*, for appellee :

I.   The alleged agreement to reconvey is within the Statute of frauds. · *Campbell* v. *Campbell*, 2 *Jones Eq.*, *N. C.*, 364 ; *Patteson* v. *Horn*, 1 *Grant, Pa.*, cases 301 ; *Ballard* v. *Bond*, 32 *Vt.*, 355 ; *Graves* v. *Graves*, 45 *N. H.*, 323 ; *Townsend* v. *Townsend*, 6 *Metc., Mass.*, 321.

II.   Our Statute prescribes the manner of execution and acknowledgment of conveyances by married women, and in the absence of clear proof of fraud on the part of grantee or that the certificate is false, it is conclusive ; and even if the charges against Holt were true, appellee would not be affected, unless a party to the fraud or coercion, or had notice. 7 *Lansing, N. Y.*, 6 ; 19 *Iowa*, 465 ; 13 *Iowa*, 445 ; 11 *Ohio st.*, 203 ; 2 *Head* (*Tenn.*), 259.

III.   Holt had a life estate (beside the interest purchased of O'Cain) in the land, having living issue by appellant, subject to alienation without the wife's concurrence or joinder in the deed, and she can not, in any event, set aside the conveyance of her husband's estate to appellee. 21 *Ark.*, 592 ; 20 *Id.*, 508.

IV.   The gist of appellant's case is, that the appellee worked upon the fears of Holt and induced him to force his wife to convey, and any testimony that tends to show the influence wrought upon him is admissible. His conduct and statements at and during the time of the transaction, were part of the *res gestœ*. 1 *Green. Ev.*, sec. 108 ; 2 *Hill, N. Y.*, 257 (*b*) ; *Cornelius* v. *The State*, 12 *Ark.*, 804.

EAKIN, J.   Mary E. Holt, a married woman, applied by

Holt v. Moore.

bill in Chancery Court, to cancel a deed of land, which, with her husband, she had executed, in accordance with the statutory form, to the appellee, Moore. The certificate of her acknowledgment, before a Justice of the Peace, is full and sufficient.

She alleges that the conveyance was procured by the fraud of Moore, in operating upon the fears of her husband, to induce him to leave the country to avoid a criminal prosecution ; and by the coercion and undue influence of her husband, to induce her to consent, of which defendant was cognizant. She also alleges that defendant, as a part of the inducement by which her consent to the acknowledgment was obtained, promised to reconvey the land, should they ever return to the country and desire it ; and that upon request he had refused to reconvey upon the same terms or even for additional considerations.

Upon issues made to the allegations, and upon proof, the cause was heard by the Chancellor, who denied the relief, holding that the fraud did not sufficiently appear, and that the promise to reconvey, even if made, came within the Statute of Frauds and could not be enforced.

1. MAR-
RIED WO-
MEN:
Acknow-
ledgment
to her
deed as
evidence.

It is certainly true that the acknowledgment of a married woman to her deed duly certified, although prima facie evidence, is not conclusive against her, either as to the fact that the acknowledgment was made as certified, or that the facts which she acknowledged were themselves true, unless it be against a vendee for valuable consideration, who was himself ignorant of the falsity of the facts, and had not participated in the fraud. As to him, she must be held estopped where the acknowledgment was actually made, or there would be no safety in conveyances. A false certificate of acknowledgment, where none was made, would present a different question. (See cases commented upon in 1 *Bish. on mar. women, sec.* 591.)

Holt v. Moore.

A parol promise to reconvey, where the sale is absolute, comes within the Statute of Frauds. The agreement must be in writing. Parol evidence may be introduced to show that a deed, absolute on its face, is indeed only, as between the parties, a mortgage when a subsisting debt remains to support it. But where there is no remaining debt due to the vendee, where the consideration has passed, or the obligation to pay it has been incurred and there is no obligation of the vendor to repurchase, we know of no case where it has held that this option may be retained by parol agreement, any more than a right to make an original purchase at a future time. The equity doctrine for showing by parol that a deed was in fact a mortgage has never been extended so far, and indeed could not be without opening the flood gates of perjury in a country where property so often and unexpectedly increases in value with startling rapidity Nevertheless, the use of such a promise in overreaching a weak or ignorant mind might become an element of fraud to be considered in connection with other circumstances.

*2. STATUTE OF FRAUDS: Parol promise to reconvey*

The evidence in this case is voluminous, much of it conflicting, much incompetent and more irrelevant. Various portions were objected to before hearing and motions were made to strike out and suppress. The Chancellor suppressing one deposition and, for the rest, announcing that he excluded from consideration all those portions of the others which he deemed irrelevant or incompetent, reached the conclusion stated above.

The fraud, which is the single question, must be clearly shown. The *onus* is on the complainant. The depositions and exhibits have been carefully reviewed, and it is sufficient to say that, upon the whole case, we do not consider that the allegations of the bill were sufficiently sustained by preponderance of proof to entitle complainant to the relief sought.

*3. FRAUD: In obtaining deed. Onus probandi.*

Affirm the decree.