Reynolds v. Tenant.

---

REYNOLDS V. TENANT.

1. HOMESTEAD: *Exemption from sale under attachment.*

Where land is not occupied as a residence at the time an order of attachment is levied upon it, the defendant's occupation of it on a subsequent

day, will not enable him to hold it as a homestead exempt from sale under a judgment sustaining the attachment.

2. EXECUTIONS: *Sale of land in a body.*

The statutory requirement, (Mansfield's Digest, sec. 3052), that lands shall be sold under execution, in tracts containing not more than forty acres, is directory; and where the owner of the lands is present at the sale, he waives a compliance with the statute by his failure to demand it.

APPEAL from *Izard* Circuit Court.

R. H. POWELL, Judge.

*Z. M.* and *D. L. Horton*, for appellant.

The sale was subject to confirmation and should have been rejected for any irregularity affecting the substantial rights of the parties. Mansfield's Digest, sec. 350; 29 Ark., 307; Rorer on Jud. Sales, pp. 28, 110, 121, 590-1-7, and note 1.

The pleadings admit the land to be defendant's homestead. It was exempt, Art. 9, sec. 3, Const. even after the issue of the order of sale. 48 Ark., 224. His schedule complied with sec. 3006, Mansfield's Digest. It states that *it is exempt*, and even if it does fail to show when his occupancy began, it clearly implies that it was his homestead at the time of the levy. Homestead laws are liberally construed. Thompson, H. and Ex., secs. 4, 7, 731; 38 Ark., 113; 48 Id., 493.

The clerk is a ministerial officer, and has no discretion when the debtor complies with the law.

2. The sale was irregular. Mansfield's Digest, secs., 3049, 3052-3. The sheriff *neglected his duty* in selling in a body.

*John H.* and *S. W. Woods* and *Robert Neill*, for appellees.

A party claiming exemption must, by affirmative statement, bring himself within the law. 34 Ark., 112; 43 Id., 20.

The necessary qualifications of the homestead claimant must exist at the date of the levy upon the land. The home-

stead character cannot be impressed afterwards, so as to displace the lien of the judgment which relates back to the levy. 42 Ark., 178; 46 Id., 49; 48 Id., 226.

The affidavit does not disclose the fact that appellant occupied the land at the date of the levy. He simply states that he *now* owns, etc. This does not bring him within the law. 33 Ark., 454; 46 Id., 43-47.

2. The statute directing lands to be sold in forty acre tracts or less, etc., is merely directory, and may be waived. 34 Ark., 409; 38 Id., 579. The land sold for its full value and no injury was done appellant; he was present at the sale and did not object to the manner of sale, thereby waiving his right under the statute.

BATTLE, J.

Appellee instituted an action against appellant, and sued out an attachment, which was levied on his personal property and land. They recovered judgment; the attachment was sustained; and the property levied on was ordered to be sold. A writ of Ven. Ex. was issued, commanding the sheriff to sell. Upon its issuance, appellant, after giving the requisite notice, filed his schedule with the clerk of the court, and claimed the land as his homestead. The schedule was verified by an affidavit to the effect that the schedule was a correct list of all his property, except the wearing apparel of himself and family; that he is a resident of the state, a married man and the head of a family; that the land claimed as his homestead did not exceed one hundred and sixty acres, and was not worth exceeding $2,500; that he occupied it on the 10th of April, 1886, the date of his affidavit, as his homestead; and that he claimed it as his homestead and to be exempt from seizure or sale under attachment, and de-

manded a supersedeas. The clerk refused to issue the supersedeas, and the sheriff sold the land, a tract consisting of one hundred and fifty-five acres, in a body. Appellant was present at the sale and made no objection to the manner in which it was sold. The sheriff made a report of his proceedings to the court; and appellant moved the court to set aside the sale of the land, because it was his homestead and he had filed a schedule before the sale, as before stated. The court overruled the motion and confirmed the sale.

The attachment was levied on the 16th of February, 1886; the judgment of the court sustaining the attachment and directing the sale to be made was rendered on the 13th of March, 1886; and the schedule was filed on the 10th of April, following. Appellant failed to show, in the affidavit annexed to his schedule, or otherwise, that he occupied the land as a residence at the date of the levy of the attachment. The language used in the affidavit is, "he owns and *now* occupies the same as a homestead," which means he occupied it at the date of the affidavit, the 10th of April, 1886, nearly two months after the levy. His right to hold it as a homestead, exempt from seizure under an order of attachment, depended upon his having occupied it as a residence on the day it was attached. His occupancy of it after the levy did not relieve it of the attachment lien, or from sale under the judgment of condemnation. The judgment sustaining the attachment and condemning the property seized to be sold perfected the inchoate lien created by the levy; and appellant did not remove it by a subsequent occupation. *Patrick v. Baxter,* 42 Ark., 175; *Richardson v. Adler, Goldman & Co.,* 46 Ark., 43.

The sale of the land was made in a body. This, it is contended, is in violation of the statute, which provides that in

*Margin notes:*
1. HOMESTEAD: Exemption from sale under attachment.
2. EXECUTIONS: Sale of land in a body.

all sales of land under execution, when the tract to be sold contains more than forty acres, it shall be divided, as the owner may direct, into lots containing not more than forty nor less than twenty acres, and be sold accordingly. This requirement has been held by this court to be directory, and at the option of the owner, and may be waived, In this case the owner was present at the sale, and did not ask that the land be divided up according to the statute, or object to the sale. The requirement of the statute was for his benefit; he did not ask the sheriff to comply with it. He had a right to waive it and did so by his failure to demand it. It does not appear that the land failed to bring a fair price. *Field v. Dortch*, 34 Ark., 399; *Youngblood v. Cunningham*, 38 Ark., 571. Judgment affirmed.