HILL et al. v. HITE et ux.

(Circuit Court, E. D. Arkansas, W. D. April 10, 1897.)

1. MORTGAGE OF HOMESTEAD.
   Under the Arkansas homestead law, a deed purporting to mortgage the homestead of a married man is a nullity if his wife fails to join in the deed as grantor and acknowledge it as such. And if she signs under duress, and that fact is known to the mortgagees, she does not "join in the execution" of the deed, in the meaning of the act.

2. SAME—DESCRIPTION.
   A description of land in a mortgage as the north part of a quarter section is void for indefiniteness.

3. SAME—SUNDAY.
   Under the Arkansas statutes, a mortgage executed on Sunday is void.

4. SUNDAY—FEDERAL COURTS.
   The construction of a state Sunday law by a state court is followed by the federal courts.

5. SAME.
   A contract executed on Sunday being void, a ratification of it on a week day, in order to impart validity to it, must be by express agreement, and not by mere acquiescence.

6. SAME—INNOCENT PURCHASERS.
   As the mortgagees of a homestead, through their trustee and agent, knew that the mortgage had been executed on Sunday, and that the wife had signed under duress, they are not innocent purchasers, and the parties to the mortgage may contradict the certificate of the officer.

7. SAME.
   Persons holding under an instrument to secure an antecedent debt are not bona fide purchasers for value.

This was a suit in equity brought by Hill, Fontaine & Co. against Henry and Laura Hite to enforce a mortgage on land.

Harvey & Hill and E. W. Kimball, for plaintiffs.

T. H. Crenshaw and S. R. Cockrill, for defendants.

WILLIAMS, District Judge. A vast preponderance of the testimony establishes that: (1) The mortgage and notes sued on were signed and delivered on Sunday. These facts were known at the time of the execution of the mortgage to the trustee named therein, who was also the agent of Hill, Fontaine & Co. (2) Laura Hite, the wife of Henry Hite, executed and acknowledged the mortgage under duress. That fact was known to the agent and trustee before mentioned. (3) Neither Henry nor Laura Hite entered into any subsequent contract ratifying the mortgage. (4) The W. ½ of the S. W. ¼ section 1, and the N. ½ of the N. W. ¼ section 12, described in said mortgage, comprised the homestead of Henry Hite at the time the mortgage was executed. Henry Hite was at that time a married man, head of a family, and a citizen of the state of Arkansas. (5) One of the subdivisions of land admitted to be conveyed by the mortgage is described in the following manner only, to wit: "North part southwest quarter section 12, T. 19 N., R. 2 E." The law upon the foregoing facts is as follows:

The act of March 18, 1887, provides "that no conveyance, mortgage or other instrument affecting the homestead of any married man

shall be of any validity unless his wife joins in the execution of such instrument, and acknowledges the same." Under this act, a deed purporting to convey or mortgage the homestead of a married man is a nullity if his wife fails to join in the deed as a grantor and acknowledge it as such. Pipkin v. Williams, 57 Ark. 242, 21 S. W. 433; Bank v. Gibson, 60 Ark. 269, 30 S. W. 39. One who signs a deed under duress cannot be said to "join in the execution" of the instrument. The wife in this case not having joined in the execution of the instrument, and that fact being known to the mortgagees, the mortgage is void as to the homestead.

The only other piece of land covered by the mortgage is that described as "north part" of the S. W. ¼ section 12, etc., referred to above. A description as the north part of a quarter section is not definite enough to permit of the location of any part, and the description is therefore void. It follows that no part of the mortgage can be enforced.

2. The mortgage, having been executed on Sunday, is rendered void by the statutes of Arkansas. Tucker v. West, 29 Ark. 386. There could be no subsequent ratification of the mortgage by Laura Hite, the wife of Henry Hite, because, the property being that of the husband, the wife could relinquish her interest in it only by joining in the conveyance, and acknowledging the instrument separate and apart from her husband, as provided by the statutes of Arkansas. It would follow, therefore, that, even if the evidence showed that there was a subsequent ratification of the execution of the mortgage by Henry Hite, it would amount to no more than an execution of the mortgage by him alone: but a mortgage upon a homestead by the husband alone is a nullity, and, even if Henry Hite had ratified the mortgage, it would be inoperative, because the husband has no power to mortgage his homestead unless his wife joins with him in the deed. But Henry Hite has not, in fact, ratified the mortgage. A mere acquiescence in its existence is not a ratification, under the statutes of Arkansas. A contract executed upon a Sunday is void, and is not the subject of ratification. The parties may upon a week day adopt the terms of a previously invalid contract, and so make it valid from the time of the adoption, but it requires an express agreement between the parties to effect that result. Tucker v. West, 29 Ark. 386, 406. The construction by the state court of the Sunday law is followed by the federal courts. Bucher v. Railroad Co., 125 U. S. 555, 8 Sup. Ct. 974. The foregoing construction of the Arkansas statutes is that commonly given to other statutes of like character in other states. In Day v. McAllister, 15 Gray, 433, the syllabus is as follows:

"A contract made in violation of the Lord's day is absolutely void, and no subsequent ratification will sustain an action upon it."

Bish. Cont. § 542, says:

"The void Sunday contract is sometimes spoken of by the courts as susceptible of 'ratification' on a subsequent week day. But the better expression is that as it is void, and not voidable, there can be no technical ratification of it; yet a new contract, express or implied, may be made on the same subject, as though nothing had been done on Sunday."

Bishop on Contracts and the Massachusetts case above cited are referred to by the supreme court of Arkansas, in McKinney v. Demby, 44 Ark. 74, 78, to sustain the announcement here made; and in Tucker v. West, 29 Ark., supra, Judge English said the ratification or adoption of the terms of the old contract could be made by express contract only. In 1 Jones, Mortg. § 623, the law is stated as follows:

"The statues forbidding the transaction of business on Sunday have the effect to render void all contracts executed on that day. It is sometimes said that such contracts, being immoral and illegal only as to the time they are entered into, may be affirmed upon a subsequent day, and thus made valid. But it seems incorrect to say that a mere ratification can impart legal efficacy to a contract which has no legal existence. The logical theory would seem to be that nothing but an express promise, subsequently made, founded upon the consideration emanating from the illegal contract, will avail to support an action having that consideration as a basis."

There has been no adoption by either Henry Hite or his wife, Laura, of the terms of the void Sunday contract. It remains void, therefore, under the statutes of Arkansas, as construed by its supreme court, and this court cannot enforce the mortgage. The mortgagees in this case, through their trustee and agent, knew that the mortgage had been executed upon a Sunday, and that the wife had been forced to sign the same against her will. They are not in position, therefore, of innocent purchasers, and the parties to the mortgage were at perfect liberty to contradict the certificate of the officer. Donahue v. Mills, 41 Ark. 421–426; Holt v. Moore, 37 Ark. 145–148. Indeed, if the mortgagees had not had actual notice through their agent, the rule would be the same, because the doctrine that a bona fide holder for value of negotiable paper transferred as security for an antecedent debt is unaffected by equities or defenses between prior parties of which he had no notice does not apply to instruments conveying real or personal property as security in consideration of a pre-existing debt. Bank v. Bates, 120 U. S. 556, 7 Sup. Ct. 679. The only object of the execution of the mortgage in this case was to secure the past-due debt, and, within the rule of the case last cited, the mortgagees would not be protected against the equities of either Henry or Laura Hite. As the mortgage and notes are void, the bill must be dismissed.