BURGAUER v. PARKER.

Opinion delivered February 23, 1901.

HOMESTEAD—OCCUPATION AFTER JUDGMENT.—Occupation of a lot as a homestead by a judgment debtor after the judgment was obtained, and before its lien had expired, will not relieve it from such lien. So held where the debtor acquired the land on a partition of his ancestor's estate, made after the judgment was rendered against him, although at the time of the partition he claimed the land as his homestead, and within a reasonable time thereafter occupied it as such.

Appeal from Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

STATEMENT BY THE COURT.

The appellant, E. Burgauer, on January 25, 1896, obtained a judgment and decree against D. F. and Laura J. Parker, in the Garland chancery court, for the sum of $4,301.07, and for the sale of certain lands (if the judgment should not be paid in four months) which had been conveyed by the said defendants to Chas. D. Greaves, as trustee, for the benefit of Burgauer, by their deed of trust bearing date April 28, 1894, which deed secured an original debt of $5,000 and interest at ten per cent., payable semi-annually. The judgment was not personal against Laura J., wife of D. F. Parker, and was to be satisfied, as to her, out of the lands ordered sold by the decree. It was a personal judgment against D. F. Parker. The lands having been sold, the commissioner of the court on April 15, 1897, entered a "credit on the within judgment and decree of the sum of $3,907.65, being the amount received by me as such commissioner, less the costs herein and taxes accrued up to date of sale of said lands, the purchase price being $4,000 and the costs herein $43.60, and taxes $48.75."

Prior to November 1, 1897, an execution issued on this judgment against D. F. Parker for the deficiency. The sheriff made levy on part of lot 8, block 105, in the city of Hot Springs; parts of lots 4 and 6 in block 96; and part of lot 12, block 105; and the same were advertised for sale on November 22, 1897. Prior to the day of sale

Parker filed his claim for a homestead, and the clerk issued a supersedeas. On November 22, 1897, the lots, other than part of lot 8, block 105, were sold by the sheriff, but the proceeds of sale were not sufficient to satisfy the execution, and on the same day Burgauer filed in the chancery court his response to the claim of Parker for exemptions and homestead. The response to the claim of Parker for homestead denied that he was the owner of the lot so as to enable him to claim it as a homestead; denied that he could lawfully claim it as a homestead; denied that he could lawfully claim it as exempt from sale under art. 9 of the constitution; stated that the lien of his judgment rendered on January 25, 1896, was superior to the claim of homestead, and that, on the date of the rendition of the judgment, the lot had not been impressed with the character of a homestead by Parker or any of his family, and on said date he made claim of other lands for his homestead. Prayer that Parker be denied the right of homestead, and that the lands be sold under the execution as directed, etc.

The property in controversy was owned by M. D. Parker, mother of appellee, who died March 13, 1895. By her will this lot and other lands were devised to appellee, M. J. Rice, and M. F. Parker, to be divided equally. This particular lot was occupied by J. E. Parker, husband of the testatrix, and his daughter, Mrs. Rice, until his death, November 18, 1895, and Mrs. Rice continued her residence there until January, 1896. It was leased by the appellee, as executor of his mother's will, to J. W. Brock, from January, 1896, for more than five months. After this it was leased to G. E. Evans until December 20, 1896. It was leased to S. W. Vaughan from March or April, 1897, to the time appellee moved there in September, 1897. For several years prior to the time appellee moved to this property, he had been living at No. 1014 Central avenue, in Hot Springs, in block 96. He was living there at the time of his mother's death. The title was in his wife's name. He had charge of all property devised by his mother's will until the time of the sale by the probate court to pay debts or the partition between the heirs. In September, 1897, by agreement among the devisees under the will, the unsold lands were appraised, and a partition deed was executed by them on September 27, 1897, by which appellee received conveyance of the lands in controversy. Soon thereafter he moved on the lands. "I entered into possession at once after the execution of the deed of partition, and I entered with the intention, and so stated at the

time, of a homestead." "It was understood by the heirs at the time of the partition deed, and I so stated, that I had taken it for the express purpose of a homestead at its appraised value, and I never had or enjoyed any of the lands of my father or mother up to that time as a homestead."

The chancellor made the following findings of fact: That E. Burgauer, the plaintiff herein, recovered judgment against defendant, D. F. Parker, on January 25, 1896, for the sum of —————— dollars, and a decree was also rendered in his favor, foreclosing a deed of trust given to secure the indebtedness sued upon, which property embraced in said deed of trust was sold under order of the court to satisfy such decree and failed to bring the full amount of the same; that an execution was issued for the amount remaining due, which was levied upon the property in question, to-wit, part of lot 8, in block 105, in the city of Hot Springs, Garland county, Arkansas, and upon one or two other lots. The court finds that the mother of D. F. Parker died on March 14, 1895, and his father died November 18, 1895, and that his mother and father had lived on the property now claimed as a homestead by said D. F. Parker up to the time of their death, and for many years prior thereto; that his mother, Margaret Parker, died possessed of said lot and other property in the city of Hot Springs, which was devised under the will of said Margaret D. Parker to the said son, D. F. Parker, and to others who obtained said property by such devise at her death as tenants in common, each holding his or her undivided interest or share until partitioned. The court also finds that the said property was partitioned among the heirs of said Margaret Parker, and each owner was conveyed his or her proportional part by a deed of date September 27, 1897; that said D. F. Parker obtained and was deeded for his part or interest in his mother's estate the said lot (part of lot 8, in block 105), which he claims as a homestead herein, and other real property; and that he at the time determined to claim it (said lot 8) as his homestead, and in a few days thereafter moved on and occupied it as such; that said deed of partition was placed on record before the levy of the execution herein, and that said D. F. Parker occupied and claimed it as a homestead at the time of said levy; that E. Burgauer, the plaintiff, insists that the lien of the judgment and decree rendered in this court on January 25, 1896, is superior to the homestead of the defendant, D. F. Parker, in the land claimed, and that at said time Parker made claim of other land for a homestead.

And the court finds from the evidence of said Parker that the place or places lived on by him for several years prior to his living on said lot 8 were not claimed by him as a homestead. The court also finds as a matter of fact that the said D. F. Parker has been a resident of the state and the head of a family for several years prior to and at all times since the rendition of the judgment and the decree herein, and that he has not claimed a homestead in any real property at any time since the rendition of said judgment and decree, except in the property in question; that the cash value of the homestead claimed herein is $2,500. Also the following declarations of law: "(1.) The court concludes, as a matter of law, that a resident of the state and the head of a family, who has no other homestead, and who acquires real property by descent or devise under the last will and testament of a parent (and not by purchase), as tenant in common with other heirs or devisees of same parent or ancestor, shall be entitled to a homestead in the portion of such real property allotted and deeded to him as his share or portion under a partition of the entire property among the owners thereof, provided he claims at the time of the partition a homestead in the part so set apart and deeded to him, and also occupies it as such in a reasonable time thereafter, as against the lien of a judgment or decree rendered against him after the property has descended to him and before partition, and against the lien of an execution issued on such judgment and levied on the property claimed as a homestead after the same had been set apart and deeded to such judgment debtor after a partition among the owners, and after the same had been claimed and occupied as a homestead by such judgment debtor. (2.)   That, in order for said D. F. Parker to claim and hold a homestead in the real property acquired from his mother by devise in common with other of her children and devisees, it was not necessary for him to enter upon any portion of such real property before the judgment was rendered in favor of said Burgauer against him; that he had a reasonable time after the partition of the property among the heirs and devisees to claim a homestead in a portion of the same set apart to him under the partition, and to move on and occupy the same as a homestead; and the court is of the opinion that he did move on the said property claimed by him as a homestead within a reasonable time after the same was set apart to him under the partition among the heirs and devisees of his mother, and that his right of homestead in it is superior to the lien of the judgment of the said

Burgauer, which was rendered after the death of the mother of said D. F. Parker, and prior to the partition of the property, and also superior to the lien of the execution which was issued on such judgment, and which was levied on the property in question after said D. F. Parker had occupied it as a homestead. It is, therefore, considered, ordered, and adjudged and decreed by the court that the said D. F. Parker is entitled to a homestead in the part of said lot 8, block 105, claimed and occupied by him as such, as against the said judgment and execution lien of said Burgauer; that the motion to quash the supersedeas be overruled, and that the said D. F. Parker have and recover of and from the said Burgauer all his costs herein expended; to which findings, rulings, judgment and decree of the court the said Burgauer excepts, and prays an appeal to the supreme court, which is granted.

*Greaves & Martin,* for appellant.

The court erred in deciding that appellee was entitled to a homestead in the land in controversy. 56 Ark. 621. *Cf.* 43 Ark. 107. There was no such occupancy as is requisite to fixing the homestead character upon lands. 33 Ark. 399; 42 Ark. 175; 46 Ark. 43; 51 Ark. 84; 63 Ark. 299.

*J. M. Harrell* and *Cockrill & Cockrill,* for appellee.

The decree of foreclosure did not authorize a personal decree against appellee for the alleged deficiency. 1 Black, Judg. §§ 42, 411. The decree for whatever deficiency might exist carried no lien until after sale and the ascertainment of the deficiency. 25 N. J. Eq. 104; Nash, Code, Pl. 726; 55 Ark. 307; 75 N. W. 581; 39 N. Y. S. 437; 66 Ill. App. 529. On homestead question see 49 S. W. 434; 50 S. W. 270.

HUGHES, J., (after stating the facts.) We are of the opinion that there is error in the decree of the chancery court in this case, for which it must be reversed. As the judgment in favor of the appellant was rendered before the lot in controversy was occupied as a homestead, and execution on the judgment was levied upon the property before the lien of the judgment had expired, it was subject to be sold to satisfy the same. The occupation of it subsequent to the rendition of the judgment, an execution upon which had been levied upon it before the judgment lien had expired, did not relieve it from the lien, though the occupation was prior to

the levy of the execution. *Simpson* v. *Biffle,* 63 Ark. 299; *Reynolds* v. *Tenant,* 51 Ark: 84.

The decree is reversed and remanded, with directions to quash the supersedeas.

BATTLE, J., absent.