CAZORT & McGEHEE COMPANY *v.* BYARS.

Opinion delivered September 30, 1912.

HOMESTEAD—PRIOR JUDGMENT LIEN.—Where a judgment was obtained in the court of a justice of the peace, and a transcript of the judgment was subsequently filed in the office of the circuit clerk, such judgment became a lien on land subsequently acquired by the judgment-debtor by inheritance from his father, and such lien could not be displaced by the debtor subsequently moving on the land and occupying it as a homestead.

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; reversed.

*C. A. Starbird,* for appellant.

1.  The burden rests upon one who asserts the homestead right to show affirmatively that land was his homestead at the time the lien of the judgment attached.  75 Ark. 228; 76 Ark. 575; 53 Ark. 289, 299; 51 Ark. 87.

Present residence upon the land, coupled with the present intention to make the land in question his homestead, is

essential and necessary to impress the homestead character. 57 Ark. 170; 78 Ark. 479.

2. A family can not have a homestead upon land of the wife, and another upon land of the husband at the same time. 71 Ark. 597.

*S. T. Rowe* and *Prentiss E. Rowe*, for appellee.

The evidence shows that the land was the homestead of appellee's father, and at his death became the homestead of appellee's mother. It was not subject to the lien of any judgment. Art. 10, § 3, Const. 1874; 56 Ark. 158; 74 Ark. 167.

McCULLOCH, C. J. Appellant recovered judgment against appellee before a justice of the peace of Crawford County for the amount of a debt due on contract, and caused a transcript of the judgment to be filed in the office of the clerk of the circuit court, thereby creating a lien on the lands of appellee in the county. Subsequently execution was sued out and levied on a tract of land owned by appellee, who claims same as his homestead.

The present appeal involves the question of appellee's right to assert his homestead claim against appellant's judgment.

Appellee inherited the land from his father, who owned the same and occupied it as his homestead at the time of his death, leaving surviving his widow, who continued to occupy it as her homestead until she attempted to convey it to appellee's wife, thus abandoning her homestead right. This occurred after the rendition of appellant's judgment and the filing of the transcript in the clerk's office, but before execution was issued. Appellee did not at that time live on the land, and had not impressed it as a homestead, but moved on the land before the execution was issued, and thereafter claimed it as his homestead. He had occupied the land several years prior thereto as tenant of the widow, who was his stepmother, but at the time of the rendition of appellant's judgment he was living elsewhere on land of his wife.

Is the homestead right available against appellant's judgment? The judgment constituted a lien, from the date of filing the transcript thereof with the clerk, on all lands which appellee owned in the county except the homestead so impressed

at the time. Kirby's Digest, § 4633. The fact that the lands constituted the homestead of appellee's father and were occupied as a homestead by the latter's widow did not prevent the judgment lien from attaching to appellee's reversionary interest. *Trustees, etc.,* v. *Watson,* 13 Ark. 74; *Littell* v. *Jones,* 56 Ark. 139. The lien could not be displaced by appellee moving on to the land and impressing it as a homestead after the lien attached. *Simpson* v. *Biffle,* 63 Ark. 289; *Burgauer* v. *Parker,* 69 Ark. 109. The evidence is clear that appellee did not occupy the land as a homestead until the judgment lien of appellant had become fixed on it. His wife "bought out" the widow's homestead right, according to his testimony, after the transcript of. appellant's judgment had been filed with the clerk, and thereafter he moved on the land, which was then too late for the judgment lien to be displaced. The judgment of the circuit court is therefore reversed, and the cause is remanded with directions to deny appellee's prayer for supersedeas.