DeLoney *v.* Dillard.

Opinion delivered June 15, 1931.

1054

*James S. McConnell,* for appellant.

*Feazel & Steel,* for appellee.

HART, C. J., (after stating the facts). It is a well settled principle of equity jurisprudence in this State that wherever at the time of sale a vendor of land is indebted to the purchaser and continues to be indebted to him after the sale with the right to call for a reconveyance upon payment of the debt, a deed absolute on its face will be construed by a court of equity as a mortgage. Evidence, written or oral, is admissible to show the real character of the transaction. The law presumes that a deed absolute on its face is what it appears to be, and the burden is on the one claiming it to be a mortgage to overcome this presumption by clear, unequivocal and convincing evidence. *Harman* v. *May,* 40 Ark. 146; *Hays* v. *Emerson,* 75 Ark. 551, 87 S. W.

1027; *Snell* v. *White,* 132 Ark. 349, 200 S. W. 1023; *Naill* v. *Kirby,* 16 Ark. 141; *Matthews* v. *Stevens,* 163 Ark. 157, 259 S. W. 736; *Bolden* v. *Grayson,* 167 Ark. 180, 266 S. W. 975; *Bailey* v. *Frank,* 170 Ark. 610, 280 S. W. 663; and *Tribble* v. *Tribble,* 173 Ark. 561, 293 S. W. 705.

In the present case, the deed and agreement in question bore the same date; they relate to the same subject-matter; they were executed by the same parties, and the agreement by positive and direct expression refers to the deed as a part of it. Therefore, they can both be considered as one instrument in construing the contract between the parties and, when so construed, constitute a mortgage. *Vaugine* v. *Taylor,* 18 Ark. 65; *Belding* v. *Vaughan,* 108 Ark. 69, 157 S. W. 400, and cases cited; and *Mechanics' Lumber Co.* v. *Yates American Machine Co.,* 181 Ark. 415, 26 S. W. (2d) 80.

When thus considered, it is plain that, when the two instruments are considered together as the parties covenanted and intended that they should be, they are a mortgage and should so be considered by a court of equity. This view is strengthened when we consider the testimony of I. L. DeLoney copied in our statement of facts. He was asked the direct question, whether he had ever paid Hillie Davis the $750 he had borrowed from him on the land. He replied that he did not because he had not had it to pay. There is nothing whatever in the record to contradict this evidence, and we think the chancery court correctly held that it was established by clear, convincing, and satisfactory evidence that the deed and agreement constituted an instrument which was a mortgage.

It is next insisted that the judgment creditors could not levy on the land because it constituted the homestead of I. L. DeLoney. Even if it could be said that I. L. DeLoney attempted to impress the land with the character of homestead, we do not think that could affect the lien of the judgment creditors because he did not attempt to occupy the land as a homestead until after

the recovery of the judgments against him by the plaintiffs in this action. The lien attached when they recovered their judgments against him because the land was situated in the same county where they recovered their judgments, and their liens could not be displaced by DeLoney moving on the land and impressing it as a homestead after the liens attached. *Simpson* v. *Biffle*, 63 Ark. 289, 38 S. W. 345; *Burgauer* v. *Parker*, 69 Ark. 109, 61 S. W. 381; and *Cazort & McGehee Co.* v. *Byars*, 104 Ark. 637, 150 S. W. 109.

J. L. Deloney executed the mortgage on the land before Cecil Deloney was married to him. Her husband's estate in the land was subject to be converted into personalty by a foreclosure sale under the mortgage. She could not, after a foreclosure and a conversion of the estate into money, share in the surplus, if any, of the proceeds of sale.

On the question of jurisdiction of the chancery court, but little need be said. The principle which underlies the doctrine herein applied is peculiarly one of equitable cognizance. The reason is that it would be a virtual fraud for the grantee to insist upon the deed as an absolute conveyance of the title when the parties intended it to be security for a debt and therefore in reality a mortgage; and this is the view of the court in the cases above cited.

It follows that the decree of the chancery court must be affirmed.