COLE *v.* SWIFT.

4-3732

Opinion delivered March 4, 1935.

*L. C. B. Young* and *Chas. D. Frierson,* for appellant.
*James G. Coston* and *J. T. Coston,* for appellee.

JOHNSON, C. J. In partition proceedings appellant, Emma Hale Cole, was assigned two tracts of land situated adjacent to the town of Osceola in Mississippi County comprising approximately 77 acres as one of the heirs at law of one F. D. Hale, deceased. Subsequent to this partition proceedings a Mrs. Holman, one of the F. D. Hale heirs, brought suit against appellant and the other Hale heirs for contribution and recovered judgment against appellant for $280; an attachment theretofore issued and levied upon the two tracts of land belonging to appellant was sustained, and said lands were ordered sold in satisfaction of this judgment. In pursuance of the attachment lien, the two tracts of land were sold at public sale, and appellee L. B. Swift became the purchaser thereof for the sum of $301.77, and on August 18, 1933, a sheriff's deed was duly executed conveying said lands to the purchaser. On September 15, 1933, appellant filed her petition to redeem said lands from the attachment sale in which she alleged that the sale price was grossly inadequate. Much testimony was adduced

upon the question of the adequacy of the price paid at the attachment sale, but from the views hereinafter expressed it is deemed unnecessary to review this testimony in this opinion.

It suffices to say that the uncontradicted testimony shows that L. B. Swift, the purchaser at the attachment sale, at that time owned and held a first mortgage lien against said two tracts of land which had been theretofore duly executed by Mrs. Cole for the sum of $1,500.

The chancellor found that the consideration bid and paid by Swift at the attachment sale when considered in connection with the $1,500 mortgage debt which was held and owned by Swift at the time were an adequate consideration, and he therefore refused to appellant the right of redemption. The chancellor erred in so deciding.

A mortgagee can not purchase the outstanding equity of redemption of the mortgagor at judicial sale and thereby extinguish the mortgagor's right to redeem.

In a long line of decisions we have consistently held that the purchase by a mortgagee of the mortgagor's right of redemption at a tax sale did not extinguish the mortgagor's right of redemption, but on the contrary that such purchase should be treated and considered as a redemption from the tax sale for the benefit of all interested parties. *Frierson* v. *Branch,* 30 Ark. 453; *Bartel* v. *Ingram,* 178 Ark. 699, 11 S. W. (2d) 488; *Ross* v. *Frick,* 73 Ark. 45, 83 S. W. 343; *Williams* v. *Manners,* 179 Ark. 110, 14 S. W. (2d) 1104.

Neither does this holding conflict with our views in *Dennis* v. *Tomlinson,* 49 Ark. 568, 6 S. W. 11. There we held that a mortgagee might purchase an outstanding title under circumstances showing a *bona fide* purchase, and provided there was no unconscionable advantage taken, but this case is no authority for the mortgagee's purchase in the instant case. In the case referred to one Hutchinson became the purchaser of the equity of redemption at the execution sale, and subsequently conveyed the title to the mortgagee Simpson. It appears that Hutchinson's purchase at the execution sale extinguished the mortgagor's right of redemption. In the instant case the mortgagee was the purchaser of the mortgagor's

right of redemption; therefore the mortgagee's acts in effecting the purchase extinguished the mortgagor's right of redemption. This the mortgagee can not do under all previous decisions of this court.

Moreover, while the law does not inhibit a mortgagee purchasing the mortgagor's equity of redemption either from the mortgagor or from a third party, such purchase is, by the courts, scrutinized with care to prevent oppression of the debtor. Jones on Mortgages, 8th ed., § 878. And, when it is made to appear that such purchase or conveyance is not voluntary or is not supported by an adequate consideration, such sale and conveyance should be treated and considered by the courts as a redemption. *Green* v. *Gilbert,* 169 Ark. 537, 276 S. W. 8; 19 R. C. L. 386; *Villa* v. *Rodriguez,* 12 Wallace 333.

The testimony reflects that the 77 acres of land previously owned by Mrs. Cole was of a reasonable value of four or five thousand dollars at the time the attachment was sustained, and at the time of the sale thereunder. The testimony further shows that appellee purchased the outstanding right of redemption of appellant, including the mortgage debt for a sum much less than $2,000. This was an inadequate consideration under the facts and circumstances of this case.

For the error indicated, the cause is reversed and remanded with directions to ascertain the amount due to the mortgagee under the mortgage, plus the amount due her under the attachment sale, and to permit appellant to redeem the premises upon payment of the aggregate sums due.

BAKER, J., disqualified and not participating.