HOLMAN *v.* KIRBY.

4-5459                                           128 S. W. 2d 357

Opinion delivered May 15, 1939.

*C. E. Johnson,* for appellant.
*Geo. R. Steel,* for appellee.

SMITH, J. Holman was adjudged a bankrupt, and he applied to Kirby to buy for him a part of the land he had previously owned. Kirby agreed to do so, and Holman negotiated a sale with the trustee in bankruptcy whereby a deed was made to Kirby for the consideration of $168, which Kirby paid. This fact is undisputed. But Kirby testified that the understanding was that he would allow Holman only 30 to 60 days to repay the money advanced. Holman denied there was any such limitation of time, and the undisputed testimony is to the effect that nearly a year after the purchase of the land Holman offered to pay a portion of the purchase money, but was told by Kirby to wait until he could pay it all.

The land bought by Kirby had forfeited to the state for the nonpayment of taxes, and the discovery of this fact, which was unknown to Kirby when he bought the land, appears to be the circumstance which determined Kirby not to accept the tender which Holman later made.

Kirby had the impression that Holman was endeavoring to buy the land from the state and thus acquire the title, and witnesses testified that Kirby said he had bought the land from the state and had "beaten Holman to it," and that he would just keep the land.

The litigation began when Kirby filed suit to enjoin Holman from interfering with his possession, and, by appropriate pleadings, the issue was joined whether Kirby had acquired title for the use and benefit of Holman, whose cross-complaint, containing that allegation, was dismissed as being without equity. From the decree quieting Kirby's title is this appeal.

The essential facts in this case are identical with those in the case of *Strasner* v. *Carroll*, 125 Ark. 34, 187 S. W. 1057, Ann. Cas. 1918E, 306, and that case controls here. The opinion in that case declares the law applicable to the facts in this case, and we quote from it as follows: "So we think a clear preponderance of the evidence shows a parol agreement on the part of Carroll to purchase the land at the foreclosure sale, hold it in trust for Strasner and to convey it back to Strasner on repayment of the purchase money, and that he afterwards refused to do so. Even under this state of facts, it is contended by counsel for Carroll that the agreement being a verbal one, was within the statute of frauds, and not enforceable as a trust in equity. It is true, the general rule is, that a mere verbal agreement by which one of the parties thereto promises to buy in at a judicial sale, lands of the other and hold the same for his benefit, does not create a resulting or implied trust, the agreement itself being within the statute of frauds. There are, however, several well recognized exceptions to the rule, and one of them is that where the purchaser of lands in which the other is interested becomes such under such a state of facts as would make it a fraud to permit him to hold on to his bargain. *Trapnall* v. *Brown*, 19 Ark. 39; *McNeil* v. *Gates*. 41 Ark. 264; *LaCotts* v. *LaCotts*, 109 Ark. 335, 159 S. W. 1111. In the first two mentioned cases the principle is announced that it would be a fraud in a purchaser, who obtained property at a price greatly below its value by means of a verbal agreement, to keep the property in violation of the agreement."

This case is distinguishable from the recent case of *Patton* v. *Randolph,* 197 Ark. 653, 124 S. W. 2d 823, although the distinction is rather narrow. There a brother who owned a tract of land conveyed to his sister upon her promise to reconvey to him. The conveyance was procured without fraud or deception except that the sister, after having promised to reconvey, refused to do so. We there quoted from the case of *Holt* v. *Moore,* 37 Ark. 145, as follows: " 'A parol promise to reconvey, where the sale is absolute, comes within the statute of frauds. The agreement must be in writing. Parol evidence may be introduced to show that a deed, absolute on its face, is indeed only, as between the parties, a mortgage when a subsisting debt remains to support it. But where there is no remaining debt due to the vendee, where the consideration has passed, or the obligation to pay it has been incurred and there is no obligation of the vendor to repurchase we know of no case where it has held that this option may be retained by parol agreement, any more than a right to make an original purchase at a future time. The equity doctrine for showing by parol that a deed was in fact a mortgage has never been extended so far, and indeed could not be without opening the flood gates of perjury in a country where property so often and unexpectedly increases in value with startling rapidity. Nevertheless, the use of such a promise in overreaching a weak or ignorant mind might become an element of fraud to be considered in connection with other circumstances.' "

Here, the deed from the trustee to Kirby is absolute in form, but the testimony is to the effect that it was taken to secure the advance of money made by Kirby in the purchase of the land which was bought for the benefit of Holman, and the deed was his security for the repayment of the money. It was, therefore, in the nature of an equitable mortgage, taken in this form to secure the payment of a debt. There was not merely a parol contract to reconvey, as was true in the Patton Case, *supra.* Holman did not convey to Kirby, and there was no oral agreement to reconvey, which agreement would be within the statute of frauds. There was, in

effect, a loan, which the trustee's deed to Kirby secured, and the deed having been taken to secure a debt, it was, in legal effect, an equitable mortgage, and being a mortgage when executed, it continued so to be. Section 1193, Pomeroy's Equity Jurisprudence, Vol. 3 (4th Ed.), p. 2825.

The law as declared in the case of *DeLoney* v. *Dillard,* 183 Ark. 1053, 40 S. W. 2d 772, is applicable here. There a deed from DeLoney to Davis was absolute in form, but there was a contemporaneous written agreement between DeLoney and Davis that in the event the $700 consideration recited in the deed was returned by a designated day, Davis would reconvey. The consideration was not repaid on the designated day, or at all, yet the deed was construed to be a mortgage. It was true the agreement to reconvey in that case was in writing, while here it rests in parol, but that circumstance did not control the decision. The right of DeLoney to have the deed declared a mortgage did not depend upon the writing, which merely proved the purpose of the deed. Chief Justice HART there said: ''Evidence, written or oral, is admissible to show the real character of the transaction.''

The deed from the trustee to Kirby having been taken as security for the money advanced to buy the land, Kirby acquired no independent title by reason of the tax deeds procured by Kirby from the state. In the case of *Cole* v. *Swift,* 190 Ark. 499, 79 S. W. 2d 426, we said: ''In a long line of decisions we have consistently held that the purchase by a mortgagee of the mortgagor's right of redemption at a tax sale did not extinguish the mortgagor's right of redemption, but on the contrary that such a purchase should be treated and considered as a redemption from the tax sale for the benefit of all interested parties. (Citing cases.)''

An actual tender was made in open court at the trial from which this appeal comes of a sum of money said to be sufficient to reimburse Kirby for the money advanced by him, with the interest thereon, and the taxes paid in purchasing the land from the state. Holman admitted that Kirby was to be paid ''for his trouble.''

Upon payment of all these amounts, a redemption should be permitted, and the decree will be reversed and the cause remanded, with directions to ascertain the total of all these items and to accord the right to redeem upon their payment.