MASON v. HATCHETT.

4-9606                                          243 S. W. 2d 733

Opinion delivered December 3, 1951.

*W. E. Phipps*, for appellant.

*Byron Bogard* and *Bobbie Jean Gladden*, for appellee.

MINOR W. MILLWEE, Justice. This is a suit by appellees, Frank Hatchett and wife, Rosie Hatchett, to set aside a foreclosure decree rendered against them at a prior term of court in favor of appellant, John Mason. John Mason's wife, Rescie, was also made a party defendant. The case was tried on appellee's amended complaint which was based on the seventh subdivision of Ark. Stats., § 29-506, and alleged an unavoidable casualty preventing Frank Hatchett from appearing and defending the foreclosure suit due to lack of proper service of summons or other notice.

Appellees owned a home as an estate by the entirety and described as Lots 13 and 14, Block 11, Military Heights Addition to North Little Rock, Arkansas. On January 15, 1949, appellees executed a note for $300 to John Mason payable in monthly installments and secured by a mortgage on their home. Default was made in the monthly payments and Mason instituted the original foreclosure suit on July 6, 1949. At the time of the execution of the note and mortgage and the filing of the foreclosure suit, Frank Hatchett was in Detroit, Michigan, where he had been working for several years while his wife Rosie resided on the property in controversy.

In the original foreclosure suit personal service was had on Rosie Hatchett in Pulaski County while out-of-state service was attempted to be had on Frank Hatchett under the provisions of Ark. Stats., § 27-339. On Sep-

tember 1, 1949, a default decree was rendered against appellees for $420 which included the $300 note, $100 additional which Mason claimed that appellees borrowed subsequent to execution of the mortgage and $20 interest. Mason purchased the property at the foreclosure sale held October 18, 1949, for the amount of the judgment and received a commissioner's deed to the property.

After his purchase at the foreclosure sale, Mason discovered that Manie Schuman had obtained a clerk's deed to Lot 13 in December, 1948, under his purchase at the 1946 delinquent tax sale. On May 2, 1950, Mason paid Schuman $75 for a quitclaim deed to the lot. · When Mason served notice on Rosie Hatchett to vacate the property in July, 1950, appellees instituted the instant suit to set aside the foreclosure decree entered September 1, 1949, and to cancel the commissioner's deed to Mason.

The chancellor found that appellee Frank Hatchett was not properly served with summons in the original foreclosure suit and that appellees had a meritorious defense to the suit in that the default decree was excessive by $100. The original foreclosure decree of September 1, 1949, was ordered vacated and the commissioner's deed to Mason cancelled. The court further found that appellants were entitled to judgment for the mortgage indebtedness of $300 with interest and other sums expended by appellants in connection with the property including the payment of $75 to Manie Schuman, which the court treated as a redemption from the tax sale for the benefit of appellees. A lien in the amount of the judgment was declared against the lands and a sale ordered if the judgment was not paid in thirty days.

For reversal appellants first contend that the complaint in the instant suit was not properly verified as required by Ark. Stats., § 29-508. The original complaint was not verified, but the amended complaint, upon which the case was tried, was verified by appellee Rosie Hatchett. When the suit was instituted Frank Hatchett still resided in Michigan. It is insisted that this verification

is defective under Ark. Stats., § 27-1106, which provides that where there are several plaintiffs, the verification may be made by any of them, if he has personal knowledge of the facts set forth in the complaint. The affidavit of Rosie Hatchett is in the general form prescribed for verification of pleadings in § 27-1105. The record reflects no objection by appellants to the form of the affidavit. It is true that we have held the requirement that the complaint be verified to be jurisdictional and one that must be complied with. *Merriott* v. *Kilgore,* 200 Ark. 394, 139 S. W. 2d 387. There was a substantial compliance with this requirement here. The statute (§ 27-1106) does not specify that the verification contain the statement that affiant has personal knowledge of the facts set forth, but merely says that a plaintiff having such knowledge may make the verification. If appellants considered the form of the verification defective or that Rosie Hatchett was not qualified to make it, they should have made proper objections in the trial court. Their objection for the first time in this court comes too late. *Parker* v. *Nixon,* 184 Ark. 1085, 44 S. W. 2d 1088.

It is next argued that the court erred in holding that Frank Hatchett was not properly served with summons in the original foreclosure suit. At the time of the institution of the suit Hatchett had been living in Detroit, Michigan, about five years. A summons and a copy of the complaint were sent to the sheriff of Wayne County, Michigan, for service on Hatchett under § 27-339, *supra.* The deputy sheriff to whom the papers were assigned testified that Frank Hatchett was not personally known to him and that he served the summons on someone at the address furnished who represented himself as being Frank Hatchett. A photostatic copy of the original summons and the return of the deputy sheriff thereon is attached to his deposition. The affidavit of service with the words in italics crossed out is as follows: "I, Bert Williams, do solemnly swear *that I personally know the defendant and* that I have served a copy of the within summons and certified copy of complaint, issued out of the Pulaski Chancery Court of Pulaski County, Arkan-

sas, upon the said Frank Hatchett on the 13th day of July, 1949, by delivering a copy thereof to him in the City of Detroit.'' Section 27-339, *supra,* provides in part: ''Proof of the delivery shall be made by the affidavit of the person making it, indorsed on or annexed to the certified copy and summons, in which the time and place of the delivery, and the fact that the defendant was personally known to the affiant, shall be stated.''

In *Swartz* v. *Drinker,* 192 Ark. 193, 90 S. W. 2d 483, we held that a strict compliance with this requirement of the statute is essential and that in the absence thereof no action is pending against the party attempted to be served. While the deputy sheriff testified that he did not remember whether the words in italics were crossed out at the time of service, he later stated that the photostatic copy correctly reflected the return as made by him. In this connection Hatchett denied that he was ever served with summons or that he had any knowledge of the foreclosure suit prior to July, 1950, when his wife was notified to vacate the property. The chancellor correctly held there was lack of proper service on Frank Hatchett.

It is next argued that the court erred in finding that appellees had a meritorious defense to the original foreclosure suit. John Mason testified that he let appellees have an additional $100 after execution of the note and mortgage for $300 in September, 1949. The testimony is in sharp dispute as to the additional $100 loan, but we think the preponderance of the evidence sustains the chancellor's finding that such loan was never in fact made. Moreover, Mason admitted that the loan was not included in the mortgage. It follows that the original foreclosure decree was excessive by $100. We have held that where a defendant did not owe all the debt for which the mortgage was foreclosed, a meritorious defense exists for the purpose of setting it aside. *Hirsch* v. *Perkins,* 211 Ark. 388, 200 S. W. 2d 796; *Jermany* v. *Hartsell,* 214 Ark. 407, 216 S. W. 2d 381.

It is finally insisted that the chancellor erred in holding the purchase of Lot 13 by Mason from Schuman to

amount to a redemption for the benefit of appellees. It is argued that the period of redemption had expired at the time of Schuman's purchase and that appellees thereby lost all title and interest in the lands. Appellants also argue that there is no right of redemption in the instant case since the tax title purchase by Mason was subsequent to the foreclosure decree. We have consistently held that the purchase by a mortgagee of the mortgagor's right of redemption at a tax sale does not extinguish the mortgagor's right of redemption, but that such purchase should be treated and considered as a redemption from the tax sale for the benefit of all interested parties. *Cole* v. *Swift,* 190 Ark. 499, 79 S. W. 2d 426; *Rouse* v. *Tetter,* 214 Ark. 488, 216 S. W. 2d 869; Hughes, Arkansas Mortgages, § 308. We have also held that the purchaser at an invalid foreclosure sale is incapacitated to acquire a tax title to the mortgaged property. *Wade* v. *Goza,* 99 Ark. 543, 139 S. W. 639. Appellants would be correct in their contentions if the foreclosure decree and sale under it had been valid. It is clear that in making the tax title purchase of Lot 13 from Schuman, Mason was endeavoring to protect his security under the mortgage and the title which he thought he acquired under the invalid foreclosure decree. Since the foreclosure sale to Mason was invalid, his position was still that of mortgagee at the time of his purchase of the unconfirmed tax title from Schuman and the trial court correctly treated the transaction as a redemption for appellees' benefit with the right to reimbursement in favor of appellants.

The decree is affirmed.