BOHNER *v.* FAUGHT.

5-3158                                            374 S. W. 2d 825

Opinion delivered February 3, 1964.

No brief filed for Appellant.

*Floyd L. Rees,* for appellee.

FRANK HOLT, Associate Justice. This is a garnishment proceeding. The appellee and cross-appellant, Cora S. Faught, served a writ of garnishment upon the appellant, Clyde Bohner, in an effort to collect a judgment of $2,112.50 which she had secured against her former husband. The garnishee filed an answer denying any indebtedness to her former husband. The answer was signed by his attorneys and was unverified. Thereupon the appellee and cross-appellant filed a verified denial by her attorney to the garnishee's answer. The relevant part of the denial reads:

"That she has reason to believe the answer of the Garnishee in the above cause is untrue or insufficient and denies the correctness of said answer. * * *

WHEREFORE, the plaintiff denies the answer of the Garnishee, and prays judgment against the Garnishee, Clyde Bohner, in the sum of $2,112.50."

The issue, thus being joined, was submitted to the court sitting as a jury. The court found, *inter alia,* "that the true financial relationship between the garnishee and the defendant was not made known" until the date of the trial; that the defendant, Louis Faught, had been an employee of the garnishee for ten days when the garnishee's answer was filed and continued as such until the date of the trial, or a total of 115 days at $5.33 per day. The court accordingly entered judgment for the cross-appellant against the garnishee-appellant in the sum of $612.95 together with costs.

The appellant has abandoned his appeal. The cross-appellant contends for reversal, on appeal, that the court erred in not rendering judgment against the appellant-garnishee for $2,112.50 because the garnishee's answer to cross-appellant's interrogations was not full, direct and truthful and, further, was not signed under oath by the garnishee himself but by the unverified signatures of his attorneys.

The cross-appellant contends that the garnishee did not file an answer as required by Ark. Stat. Ann. § 31-506 (Repl. 1962). This statute reads:

"Answers to interrogatories.—Such garnishee shall on the return day named in such writ exhibit and file, under his oath, full, direct and true answers to all such allegations and interrogatories as may have been exhibited against him by the plaintiff."

It is undisputed that the garnishee's answer was not signed by him under oath and, also, that the signatures of his attorneys were unverified.

Thus, it is the position of the cross-appellant that the failure to strictly comply with Ark. Stat. Ann. § 31-506 is the same as if the garnishee had filed nothing and, therefore, pursuant to Ark. Stat. Ann. § 31-512 (Repl. 1962)[1] the court should have entered judgment

---

[1] "Refusal of garnishee to answer — Effect. — If any garnishee, after having been served with a writ of garnishment ten [10] days before the return day thereof, shall neglect or refuse to answer the interrogatories exhibited against him on or before the return day of such writ, the court or justice before whom such matter is pending shall enter judgment against such garnishee for the full amount specified in the plainitff's judgment against the original defendant, together with costs."

against the garnishee for $2,112.50 as sought in the writ of garnishment. We do not agree. Ark. Stat. Ann. § 31-508 (Repl. 1962) reads:

"Insufficiency of answer—Trial.—If the garnishee shall file his answer to the interrogatories exhibited, and the plaintiff shall deem such *answers untrue or insufficient*, he may deny such answer, and cause his denial to be entered on the record; and the court or justice, if neither party require a jury, shall proceed to try the facts *put in issue* by the answer of the garnishee and the denial of the plaintiff." [Emphasis supplied]

The cross-appellant controverted the garnishee's unverified answer and proceeded to try the facts put in issue by the garnishee's answer and her denial of the answer. She did not question the lack of verification of the garnishee's answer during any proceeding before the Trial Court. Consequently, she is deemed to have waived any such defect and it cannot now be raised on this appeal In *Queen of Arkansas Insurance Co., v. Taylor,* 100 Ark. 9, 138 S. W. 990, we said:

"It is too late for appellant to complain here that the complaint in the action was not signed by counsel nor verified, after having, without objection thereto on that account, filed an answer and gone to trial in the case. It should by proper motion have had the complaint stricken out or signed by counsel and verified."
See, also, *Mason* v. *Hatchett,* 219 Ark. 631, 243 S. W. 2d 733.

In the case at bar there was no objection made to any defect as to the signature or verification of the garnishee's answer. The cross-appellant filed a denial to the garnishee's answer and put the issues before the court as a trier of the facts. Therefore, she is bound by the court's findings and the judgment rendered thereon since such is based upon substantial evidence.

Affirmed.